**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT KING, III,

    Petitioner,

v.

TABB BICKELL,

    Respondent.

CIVIL ACTION NO. 3:13-cv-02118

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## **MEMORANDUM**

Presently before the Court is the Report & Recommendation ("R&R") of Magistrate Judge Saporito (Doc. 26) to a *pro se* petition for a writ of habeas corpus (Doc. 1) filed by Petitioner Robert King, III. Magistrate Judge Saporito recommends that the petition be denied and dismissed, and that the Court decline to issue a certificate of appealability. For the reasons that follow, the Magistrate Judge's R&R will be adopted.

### **I. Background**

The relevant facts and procedural history can be summarized as follows:

King was convicted by a jury of third-degree murder, two counts of aggravated assault, and three counts of recklessly endangering another person on January 14, 2009. *Commonwealth v. King*, Docket No. CP-67-CR-0000716-2008 (York County C.C.P.). On March 30, 2009, King was sentenced to an aggregate prison term of 27 to 54 years. (Doc. 12-2, at RR483.) The Superior Court of Pennsylvania affirmed King's conviction on direct appeal, *Commonwealth v. King*, 13 A.3d 979 (Pa. Super. Ct. 2010) (table decision), and the Pennsylvania Supreme Court denied his petition for allocatur on March 2, 2011, *Commonwealth v. King*, 17 A.3d 1252 (Pa. 2011) (table decision). (*See* Doc. 12-2, at RR617-46, 650.)

On March 28, 2011, King filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA") in the York County Court of Common Pleas. *Commonwealth v. King*, Docket No. CP-67-CR-0000716-2008 (York County C.C.P.). Counsel was

appointed to represent King, and an evidentiary hearing was held before the PCRA court on June 1, 2011. (Doc. 12-2, at RR661-703.) The PCRA court denied King's petition. (*Id.* at RR700; *see also id.* at RR714-22.) On appeal, the Superior Court affirmed the denial, *Commonwealth v. King*, 48 A.3d 476 (Pa. Super. Ct. 2012) (table decision), and the Pennsylvania Supreme Court denied King's petition for allocatur on September 10, 2012, *Commonwealth v. King*, 53 A.3d 50 (Pa. 2012) (table decision). (*See* Doc. 12-2, at RR727-34, 738.)

King filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 5, 2013. (Doc. 1.) On November 6, 2013, Respondent filed his answer to the petition (Doc. 12; *see also* Doc. 13), and King filed his reply on December 26, 2013 (Doc. 17). Liberally construing King's *pro se* petition, the Magistrate Judge determined that King asserted twenty-one (21) claims for relief:

(1) The trial court erred in denying King's motion to suppress a purportedly unduly suggestive photo array and subsequent in-court identification by witnesses tainted by the photo array;
(2) King's conviction for third-degree murder, aggravated assault, and reckless endangerment was based on insufficient evidence as a matter of law because the evidence failed to establish beyond a reasonable doubt that he acted with malice aforethought or that he did not act in self-defense when he shot the victim;
(3) King's conviction for third-degree murder, aggravated assault, and reckless endangerment was against the greater weight of the evidence because the evidence failed to establish beyond a reasonable doubt that he acted with malice aforethought or that he did not act in self-defense when he shot the victim;
(4) The trial court abused its discretion in admitting autopsy photographs over King's objection;
(5) King was denied effective assistance of counsel in trial proceedings because his trial counsel failed to investigate and present testimony by character witnesses in his defense;
(6) King was denied effective assistance of counsel on direct appeal because his appellate counsel failed to submit copies of the purportedly unduly suggestive photo array for inclusion in the certified record on appeal, causing the Superior Court to dismiss the underlying claim of trial error on the ground that it had been waived;
(7) King was denied effective assistance of counsel in trial proceedings

2

    because his trial counsel failed to object and move for a mistrial when a prosecution witness testified about a hearsay statement by the deceased victim, calling King and his brother "stick-up kids," in violation of a pretrial suppression order;

(8) King was denied a fair trial by prosecutorial misconduct because the prosecution failed to instruct its witnesses to avoid testifying about a hearsay statement by the deceased victim, calling King and his brother "stick-up kids," in violation of a pretrial suppression order;

(9) The trial court erred in failing to declare a mistrial *sua sponte* when prosecution witnesses testified about a hearsay statement by the deceased victim, calling King and his brother "stick-up kids," in violation of a pretrial suppression order;

(10) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to "appropriately" consult with him regarding other possible issues to be raised, failed to supplement King's PCRA petition with unspecified issues counsel might have identified through such consultation, and failed to adequately explain the law governing PCRA proceedings;

(11) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to raise a claim of ineffective assistance of trial counsel based on trial counsel's purportedly erroneous advice that King not testify in his own;

(12) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to move to suppress King's prior conviction for robbery;

(13) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to raise an ineffective assistance of trial counsel claim with respect to prosecution witness testimony about hearsay statements by the deceased victim presented at a trial, erroneously limiting this claim to preliminary hearing testimony only;

(14) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to advise him that testimony by prosecution witnesses about hearsay statements by the deceased victim violated his constitutional right to confront witnesses;

(15) King was denied effective assistance of counsel in trial proceedings because trial counsel failed to adequately interview him and his brother regarding the specific facts of the incident out of which the criminal charges against King arose;

(16) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to adequately interview him and his brother regarding the specific facts of the incident out of which the criminal charges against King arose, and, as a consequence of this failure, PCRA counsel failed to raise an ineffective assistance of trial counsel claim based on trial counsel's failure to elicit these facts;

(17) King was denied effective assistance of counsel in trial proceedings

3

(18)  because trial counsel failed to seek a psychiatric or psychological evaluation of King's mental and emotional development at the time of the charged offense;
(18) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel failed to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to seek a psychiatric or psychological evaluation of King's mental and emotional development at the time of the charged offense;
(19) King was denied effective assistance of counsel in PCRA proceedings because his PCRA counsel filed a no-merit letter concluding that King's ineffective assistance of appellate counsel claim concerning waiver of the underlying suggestive-photo-array issue lacked merit;
(20) King was denied effective assistance of counsel on direct appeal because appellate counsel failed to explicitly raise (and preserve) Fourteenth Amendment due process and equal protection claims in connection with his sufficiency-of-the-evidence, weight-of-the-evidence, suggestive photo array, and autopsy photograph claims; and
(21) King was denied effective assistance of counsel in PCRA proceedings because PCRA counsel filed a no-merit letter concluding that King's sufficiency-of-the-evidence, weight-of-the-evidence, suggestive photo array, and autopsy photograph claims lacked merit.

The Magistrate Judge issued the instant R&R on October 26, 2016 (Doc. 26), recommending the petition be denied and dismissed. Petitioner timely filed his objections to the R&R on February 16, 2017. (Doc. 33.) The R&R and the objections thereto are now ripe for review.

## II. Legal Standard

**A. Reviewing a Report & Recommendation**

When objections to the Magistrate Judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). Additionally, "objections which merely rehash arguments presented to and considered by a magistrate judge are not entitled to de novo review." *Martinez v.*

*Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney*, 749 F.2d at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).

Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). Therefore, the Court reviews the portions of the R&R to which the petitioner objects specifically *de novo*. The remainder of the R&R, and any portion the petitioner objects to generally, is reviewed for clear error.

**B. Habeas Petitions Pursuant to 28 U.S.C. § 2254**

According to 28 U.S.C. § 2254(a), a federal district court shall entertain an application for a writ of habeas corpus when the petitioner is in custody pursuant to a state court judgment "only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall entertain the habeas petition only if the applicant has exhausted his state court remedies prior to filing the federal habeas petition. *See* 28 U.S.C. § 2254(b). "Exhaustion requires a petitioner to 'fairly present' his federal claims to the pertinent state court before bringing those claims to

federal court." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 657 (3d Cir. 2011) (quoting *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007)). "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). "It is not sufficient that a 'somewhat similar state-law claim was made.'" *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). However, if a federal claim has not been "fairly presented" in state court but a state procedural rule bars the petitioner from returning to state court to seek relief, "the exhaustion requirement is satisfied because there is an 'absence of available State corrective process.'" *Id.* at 260 (quoting 28 U.S.C. § 2254(b)). Thus, "a claim may be exhausted but still be deemed as defaulted under state law." *Evans*, 645 F.3d at 657. However, federal courts may not review the merits of a claim deemed exhausted because of a state procedural bar "unless the petitioner 'establishes cause and prejudice or a fundamental miscarriage of justice to excuse' the default." *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000) (quoting *McCandless*, 172 F.3d at 260)).

When a petitioner properly presents federal claims to a state court and the state court considers the merits of the federal claims, the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. *See Harris v. Ricci*, 607 F.3d 92, 96 (3d Cir. 2010). Under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). For purposes of § 2254(d)(1), "'clearly established law as determined

by [the Supreme] Court refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'" *Adamson v. Cathel*, 633 F.3d 248, 255 (3d Cir. 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004)). Review under § 2254(d)(1) "is limited to . . . the record before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

### III. Discussion

On October 26 2016, Magistrate Judge Saporito issued the instant R&R, recommending King's petition be denied and dismissed. Specifically, the Magistrate Judge recommended that claims 1, 15, 17, and 20 be denied as procedurally defaulted, claims 2, 6, 7, 8, and 9 be denied on the merits, claims 3, 4, 10, 11, 12, 13, 14, 16, 18, 19, and 21 be denied as not cognizable on federal habeas review, and claim 5 be dismissed as expressly withdrawn.

On February 16, 2017, King filed objections to the R&R. (Doc. 33.) Construing King's *pro se* filing liberally, King raises four sets of objections. First, King argues that the Magistrate Judge erred in denying claim 7 on the merits because the Superior Court applied *Strickland* in an objectively unreasonable manner and the PCRA court made an unreasonable determination of the facts. (*Id.* at 2-5.) Second, King contends the Magistrate Judge erred in denying claims 8 and 9 on the merits because the record demonstrates that the prosecutor "invited" witness testimony which violated a pretrial suppression order. (*Id.* at 6-8.) Third, King asserts the Magistrate Judge erred in denying as non-cognizable claim 13. Lastly, King argues that the Magistrate Judge erred in denying as non-cognizable claims 10, 11, 12, 13, 14, 16, 18, and 21 for the same reasons raised in his Memorandum of Law considered by the Magistrate Judge (Doc. 11).

After reviewing King's specific objections to the R&R *de novo* and the remainder

for clear error or manifest injustice, the R&R will be adopted.

## A.     Petitioner's First Objection

King first objects to the Magistrate Judge's recommendation to deny claim 7 on the merits. Specifically, King argues that the Superior Court made an unreasonable determination of the facts because it relied on testimony of King's trial counsel that was contrary to the record. (Doc. 33, at 2.) Additionally, for the substantially same reason, King contends that the Superior Court applied the *Strickland* test to this ineffective assistance claim in an objectively unreasonable manner. (*Id.* at 5.)

In claim 7, King asserts that his trial counsel was ineffective because he failed to object or move for a mistrial when Bryan Louey, King's brother and a witness for the prosecution, testified that the deceased victim referred to the brothers as "stick-up kids" prior to the shooting. (Doc. 33, at 2.) A pretrial suppression order precluded any reference to the term "stick-up boys" at trial based on state evidentiary grounds. (Doc. 12-1, at RR119-20.) Nevertheless, on direct examination Louey used the term "stick-up kids" one time in his testimony, in reference to what the deceased victim called the brothers moments before the shooting occurred. (*Id.* at RR298.) Both the PCRA court and the Superior Court concluded that King failed to demonstrate that trial counsel was deficient in not objecting to this testimony.[1] (Doc. 12-2, at RR716-17; *id.* at RR733.) Notably, the PCRA court credited trial counsel's PCRA-hearing testimony in which he stated that he reviewed the trial transcript when court recessed for the day, spoke to King regarding Louey's use of the term "stick-up kids" in his testimony, and opined that Louey's testimony was "immensely" helpful to the defense and that his reference to "stick-up kids" was quick, not loud, and not pronounced. (*Id.* at RR717.) Trial counsel

---

[1]    The state courts applied the three-pronged test for judging ineffectiveness claims under Pennsylvania law. *See Commonwealth v. Ross*, 856 A.2d 93, 97 (Pa. Super. Ct. 2004). This test is substantively the same as *Strickland*'s standard. *See Boyd v. Walmart*, 579 F.3d 330, 334 n.2 (3d Cir. 2009) (citing *Commonwealth v. Tedford*, 960 A.2d 1, 12 (Pa. 2008) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987))).

8

further testified that he recommended not requesting a mistrial based on this statement, and that King agreed with this recommendation. (*Id.*) The Magistrate Judge found that the state courts did not apply *Strickland* to the facts of this claim in an objectively unreasonable manner, and that King failed to demonstrate that the state courts made an unreasonable determination of the facts. (Doc. 26, at 46-47.)

As to the objections with respect to this claim, King contends the Magistrate Judge erred in finding that the Superior Court did not make an unreasonable determination of the facts underlying this claim. First, King appears to allege that his trial counsel never actually had a discussion with him regarding the Louey testimony at issue, contrary to the PCRA court's determination adopted by the Superior Court. (Doc. 33, at 3, 5.) However, King fails to substantiate this allegation with any evidence and thus fails to rebut the state courts' factual finding with clear and convincing evidence or otherwise give reason to suggest that the state courts made an unreasonable determination of the facts.[2] *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Second, King argues that there were opportunities during the trial for his counsel to make an on-the-record objection to the Louey testimony, but that counsel failed to do so. (Doc. 33, at 4.) However, this contention neither speaks to how the Superior Court made an unreasonable determination of the facts, nor enumerates any errors with the Magistrate Judge's R&R. As such, it offers no basis for relief. Lastly, King argues that the admission of this testimony was prejudicial and reiterates that his trial counsel was ineffective in not raising an objection. (*Id.*) But this argument is merely a rehashing of the arguments King already made to the Magistrate Judge (*see* Doc. 11, at 33-35) and therefore is not entitled to *de novo* review. *See Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at

---

[2] This allegation also appears contradictory to King's averments in the Memorandum of Law in support of his habeas petition. (*See, e.g.*, Doc. 11, at 34 ("It is true that, pursuant to Petitioner broaching the issue with counsel during said recess, counsel had indicated that it would not be a good move to object to the testimony because it would only draw the jury's attention to it and that Louey's testimony had helped the defense. . . .").)

9

*3 (E.D. Pa. Oct. 19, 2011). The Court finds no clear error in the Magistrate Judge's conclusion as to this issue.

Similarly, the second component of King's objection fails to speak to how the Superior Court applied *Strickland* in an objectively unreasonable manner or specify how the Magistrate Judge erred. King again contends that the PCRA court's factual findings were unreasonable because they were "contrary to the trial court record." (Doc. 33, at 5.) But as noted above, King fails to demonstrate how any state court factual determination was unreasonable. Additionally, the Court agrees with the Magistrate Judge's conclusion that King fails to demonstrate that the Superior Court applied *Strickland* in an objectively unreasonable manner.

Accordingly, King's objection will be rejected, and the Court will adopt the Magistrate Judge's recommendation with respect to claim 7.

**B.    Petitioner's Second Objection**

King next objects to the Magistrate Judge's R&R with respect to claims 8 and 9. Specifically, King claims the trial record shows that the prosecutor elicited testimony from Louey on the deceased victim's reference to King being a "stick-up" kid, and the Superior Court therefore made an unreasonable determination of the facts. (Doc. 33, at 6-7.)

In Claim 8, King argues that he was denied a fair trial because the prosecution failed to instruct Louey to avoid testifying that the deceased victim called them "stick-up kids," despite the pretrial suppression order. (Doc. 33, at 6.) The Magistrate Judge construed this claim to allege a violation of the Fourteenth Amendment Due Process Clause. (Doc. 26, at 47.) King first raised this claim on direct appeal, upon which the state court determined that the prosecutor "did not intentionally elicit this testimony" and concluded that the claim lacked merit. (Doc. 12-2, at RR499.) The PCRA court likewise found a claim of prosecutorial misconduct to be meritless. (*Id.* at RR698-700, 722.) On appeal of the PCRA court's decision, the Superior Court affirmed the denial of relief and concluded King's "underlying claim of prosecutorial misconduct lacks arguable merit."

(*Id.* at RR733 n.2.) The Magistrate Judge determined that there was nothing in the record to suggest that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts or was contrary to, or an unreasonable application of, clearly established federal law. (Doc. 26, at 51.)

As to the objections raised with respect to this claim, King contends the Magistrate Judge erred in finding that the Superior Court did not make an unreasonable determination of the facts underlying this claim. King asserts the trial record shows that the prosecutor "invited Louey" to tell the jury about what happened on the night of the shooting in Louey's "own words." (Doc. 33, at 7.) Because the prosecutor knew that Louey had made prior statements in which he used the term "stick-up kids," King contends that it was "reasonable to believe that the prosecutor expected Louey to again make reference to the statement at issue." (*Id.*) However, the Court agrees with the Magistrate Judge's finding that King failed to show that the state courts made an unreasonable determination of the facts. Both the trial court in its 1925(b) opinion on direct appeal and the PCRA court found that the snippet of testimony at issue was made as part of narrative testimony that was nonresponsive to any question posed by the prosecutor. (*See* Doc. 12-2, at RR499, 716; *see also id.* at RR733 n.2.) These determinations are supported by the trial transcript. (Doc. 12-1, at 297-98.) King provides no reason to believe that the prosecutor intentionally used a "creative avenue" in order to elicit objectionable testimony from Louey, as he claims. *See United States v. Percy*, 250 F.3d 720, 729 (9th Cir. 2001); *United States v. Gaines*, 726 F. Supp. 1457, 1469 (E.D. Pa. 1989). Moreover, King offers no reason to conclude that the state courts' analysis of the merits of King's claim was contrary to, or an unreasonable application of, clearly established federal law. Consequently, the Court will reject King's objection and adopt the Magistrate Judge's recommendation as to claim 8.

In claim 9, King contends that the trial court erred in not declaring a mistrial *sua sponte* after Louey's testimony. (Doc. 33, at 6; *see* Doc. 26, at 47.) King's objections do not speak to this claim. Because the Court finds no clear error in the Magistrate Judge's

conclusion as to this claim, it will be adopted.

**C.     Petitioner's Third Objection**

King further objects to the Magistrate Judge's R&R with respect to claim 13. King contends that the Magistrate Judge erred in determining that claim 13 is not cognizable on federal habeas review. (Doc. 33, at 9.)

In claim 13, King alleges that he was denied effective assistance of counsel during his initial PCRA proceeding because his PCRA counsel failed to raise an ineffective assistance of trial counsel claim with respect to prosecution witness testimony about a hearsay statement by the deceased victim presented at trial. (Doc. 33, at 9.) The Magistrate Judge recommended denying this claim on the ground that it is not cognizable on federal habeas review. (Doc. 26, at 11.) King argues that the claim is cognizable on habeas review pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

However, as the Magistrate Judge correctly noted, freestanding claims of ineffective assistance of PCRA counsel are not cognizable in federal habeas proceedings. (Doc. 26, at 10-11); s*ee* 28 U.S.C. § 2254(i); *Coleman v. Thompson*, 501 U.S. 722, 752, 755 (1991); *Danner v. Cameron*, 955 F. Supp. 2d 410, 417 n.7 (M.D. Pa. 2013). King's reliance on the Supreme Court's decision in *Martinez* for this claim is misplaced. The *Martinez* Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. *Martinez* does not provide a basis for finding a freestanding claim of ineffective assistance of PCRA counsel cognizable on federal habeas review. Accordingly, King's objection to the Magistrate Judge's recommendation to deny claim 13 as non-cognizable will be rejected.

Liberally construing King's objections, King also argues that the Magistrate Judge erred in overlooking the argument that his trial counsel was ineffective in failing to object to the Louey testimony on Confrontation Clause grounds. (Doc. 33, at 10; *see* Doc. 11, at 35.) King did not fairly present this ineffective assistance claim on his PCRA appeal. *See Evans v. Court of Common Pleas, Del. Cty., Pa.*, 959 F.2d 1227, 1231 (3d Cir.

1992) ("Both the legal theory and the facts underpinning the federal claim must have been presented to the state courts."). Because a state procedural rule bars King from now raising this claim in state court, *see* 42 Pa. Cons. Stat. Ann. § 9545(b), the claim is procedurally defaulted. *Lines v. Larkins*, 208 F.3d 153, 160, 164-66 (3d Cir. 2000). As such, a federal habeas court cannot reach the merits of this claim unless King establishes "cause and prejudice" to excuse his default.[3] *Id.* at 166. King's only argument in support of "cause" is that this ineffective assistance claim should be considered on the merits pursuant to *Martinez*. However, King's reliance on *Martinez* is again misplaced.

Under *Martinez*, the failure of King's PCRA counsel to raise an ineffective assistance of trial counsel claim in his PCRA proceeding can constitute "cause" excusing procedural default if: (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984); and (2) the underlying ineffective assistance of trial counsel claim is "a substantial one," meaning that "the claim has some merit." *Martinez*, 566 U.S. at 14. King fails to demonstrate that he has a "substantial" underlying ineffective assistance claim. The PCRA court and Superior Court concluded that trial counsel was not deficient in failing to object to this testimony, *see supra* Part III.A, and the Magistrate Judge found there was no unreasonable determination of the facts or unreasonable application of clearly established federal law. The Court agrees. Moreover, nothing about the statement at issue indicates that it was "testimonial" in nature, as is necessary for a Confrontation Clause violation. *See Bullcoming v. New Mexico*, 564 U.S. 647, 659 n.6 (2011); *Aponte v. Eckard*, No. 15-561, 2016 WL 8201308, at *16 (E.D. Pa. June 3, 2016). As such, King fails to demonstrate that trial counsel had a valid objection to the testimony under the

---

[3] King has produced no new evidence that he is actually innocent of the crimes for which he has been convicted, as is necessary to prove a "fundamental miscarriage of justice." *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002).

Confrontation Clause. Furthermore, in light of the other evidence[4] adduced at trial, King fails to demonstrate that there was a reasonable probability that the result of his trial would have been different absent the alleged attorney error. *Strickland*, 466 U.S. at 694.

Accordingly, because King fails to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice" sufficient to excuse default, King's objection will be rejected. The Magistrate Judge's recommendation will be adopted as to claim 13.

**D.     Petitioner's Fourth Objection**

Finally, King objects to the Magistrate Judge's recommendation as to claims 10, 11, 12, 13, 14, 16, 18, and 21. (Doc. 33, at 11.) However, King's objections are based on the same reasons stated in the Memorandum of Law submitted before the Magistrate Judge. (*Id.*) Consequently, King is not entitled to *de novo* review of these claims. *See Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011). Because the Court finds no clear error in the Magistrate Judge's conclusions with respect to these claims, the recommendations will be adopted.

Likewise, as King does not object to the Magistrate Judge's recommendations with respect to claims 1, 2, 3, 4, 5, 6, 15, 17, 19, and 20, the Court finds no clear error with the Magistrate Judge's conclusions, and will adopt the R&R as to these claims.

**IV. Conclusion**

For the above stated reasons, the Court will adopt Magistrate Judge Saporito's R&R. Petitioner's petition for a writ of habeas corpus (Doc. 1) will be denied and dismissed. Specifically, claims 1, 15, 17, and 20 will be denied as procedurally defaulted; claims 2, 6, 7, 8, and 9 will be denied on the merits; claims 3, 4, 10, 11, 12, 13[5], 14, 16, 18, 19, and 21

---

[4]     Such other evidence includes witness testimony that King shot the deceased victim at close range, forensic evidence consistent with this testimony, and an audiotaped jailhouse conversation in which King denied the shooting was in self-defense. (*See* Doc. 12-2, at RR494-95; Doc. 12-1, at RR315.)

[5]     To the extent claim 13 also alleges an ineffective assistance of trial counsel claim for failing to object to the Louey testimony on Confrontation Clause grounds, this

will be denied as non-cognizable on federal habeas review; and claim 5 will be dismissed as expressly withdrawn.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is issued, the district court must make a determination as to whether a certificate of appealability ("COA") should issue. A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden where a district court has rejected the constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because reasonable jurists would find neither the Court's assessments of the constitutional claims nor the Court's procedural rulings debatable, a certificate of appealability will not issue.

An appropriate order follows.

March 30, 2016                                                    /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                               United States District Judge

---

claim will be denied as procedurally defaulted.